LOUISE LUB MEYER, PLAINTIFF-APPELLANT, v. PEOPLES BANK OF HAWTHORNE, NEW JERSEY, A CORPORATION ORGANIZED UNDER THE BANKING LAWS OF THE STATE OF NEW JERSEY, AND JAMES F. PLANTEN, DEFENDANTS-RESPONDENTS.

Argued May 22, 1935—Decided October 9, 1935.

For the appellant, *Peter Hofstra.*

For the respondents, *Beggs & Grimshaw.*

The opinion of the court was delivered by

HETFIELD, J.   This suit was instituted in the Supreme Court, Passaic Circuit, against the defendant bank and James F. Planten, who was the bank's assistant cashier.   The plaintiff sought to recover the sum of $12,000, which she alleged was misappropriated by Planten from her account, and contended that the bank was liable because Planten was its agent.   The bank claimed as a defense, that Planten was the plaintiff's agent and acting in her behalf, and by reason thereof, it was not liable.   The jury rendered a verdict in favor of the defendant bank, judgment being entered accordingly.   It appears from the record, that the plaintiff, who was a depositor in the defendant bank, had on many occasions sought the advice of Planten with respect to her business affairs.   On or about July 1st, 1929, plaintiff received the sum of $12,000, representing the proceeds from the sale of certain real estate.   She turned the money over to Planten,

for the purpose of investing it in two mortgages on properties owned by one Jerry Faber. The plaintiff had advised with Planten in reference to her investments, and he suggested this loan. She subsequently received two bonds executed by Faber and his wife, in the penal sum of $12,000 each; and some time in 1931 received the mortgages of $6,000 each, which had not been recorded. The plaintiff never surrendered or returned the bonds and mortgages to Faber, who claimed that no money was paid to him at the time the papers were executed, but testified that some months later he received $6,000 from Planten, and gave his personal note for same.

It appears that on July 2d, 1929, Planten deposited to plaintiff's account with the bank the $12,000 which she had given him. He withdrew $1,000 from this account on August 1st, 1929, and a like sum on the following September 25th, and on each withdrawal initialed the account. The sum of $10,000 was withdrawn on October 25th, 1929, at which time there was presented a withdrawal slip bearing the plaintiff's admitted signature, although she testified that she did not recall signing the paper.

It would seem that the proof was sufficient to warrant the inference that Planten was, and had been for some time, the agent of the plaintiff, and as such performed services for her which were not in line with his duties as an officer of the bank. Prior to the mortgage transaction he had been authorized and directed by the plaintiff to withdraw from her account the sum of $50 each and every month, and to pay same to a building and loan association. This was not paid by or through the bank, but was withdrawn from her account by Planten and paid by him to the association. It is admitted that the $12,000 was given to Planten for investment. He, as plaintiff's agent, deposited same to her account with the bank, and withdrew it, not as an officer of the bank, but as a representative of the plaintiff, with the apparent purpose of investment. While there is no proof, it might be inferred that the $6,000 loan to Faber some months after the mortgages were executed, was a part of the $10,000 withdrawal on October 25th, 1929.

We think there was sufficient evidence to support the ver-

dict, as a general agency may arise by implication from acts or conduct indicating an intent to create it, as well as from express appointment.

The plaintiff denies that she had any knowledge until September 25th, 1931, of the $12,000 having been deposited to her account, but as she signed the $10,000 withdrawal slip, she must have known that the money in question was deposited, as there is no proof to the effect that any other large amount was received by her during that period. The withdrawal slip for $10,000 which she signed also indicated that after such withdrawal there was a balance remaining to her credit of $10, indicating that $2,000 of the $12,000 had previously been withdrawn. On many occasions during the years 1930 and 1931, which was subsequent to the $10,000 withdrawal, plaintiff deposited to and withdrew money from said account, and each withdrawal slip showed the balance remaining to her credit. The jury could reasonably infer that the plaintiff had knowledge of the $12,000 deposit, and also of the fact that two $1,000 withdrawals had been made prior to the one of $10,000. As she took no exception to either the deposit or any withdrawals at the time she signed the several withdrawal slips, the jury could also reasonably infer that there was a ratification of the agent's act; and if there was any question as to his authority when the money was withdrawn, it was overcome by such action. When a principal ratifies the unauthorized acts of his agent, such acts become as binding upon the principal as they would have been had such agent been duly authorized in the first instance.

There is no proof, and the appellant does not contend. that it was or ever had been the custom of the bank, or that it had ever authorized any of its officers, to attend to the payment of depositors' building and loan dues, or to make loans and collect interest in the individual names of its depositors, which was done in the instant case.

It is contended that the trial court erred in refusing to direct a verdict for the plaintiff for $2,000, as the two $1,000 withdrawals were made by Planten without her consent or knowledge. We think the question of agency was properly left to the jury for its determination. The other grounds of

appeal presented have been considered, but do not require any further discussion.

The judgment will be affirmed.

DONGES, J. (Dissenting in part.) My vote is to affirm so much of this judgment as relates to the $10,000 withdrawn by Planten on receipt or order, dated October 25th, 1929, and signed by the plaintiff.

My vote is to reverse so much of the judgment as relates to the two withdrawals of $1,000 each by Planten, without the knowledge of plaintiff, and not used for her benefit, because such withdrawals were made by Planten as an officer of the bank. These moneys were withdrawn by Planten by noting his initials on the account of plaintiff. None but a duly authorized officer of the bank could make such withdrawal, and I conclude that Planten in that regard could act only as such officer, and that he, therefore, came into possession of that money as agent for the bank. Upon this phase of the case, I am of the opinion that the proofs did not create a question of fact to be submitted to the jury.

Justices Trenchard, Case, Heher and Perskie and Judge Van Buskirk authorize me to say that they concur in the views herein expressed.

*For affirmance in toto*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, BODINE, HETFIELD, DEAR, WELLS, JJ. 8.

*For affirmance in part and for reversal in part*—TRENCHARD, CASE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, JJ. 6.